## WELSH v. BUCKNER.

May 13, 1837.

*Rule to show cause why the scire facias should not be quashed.*

Under the act of 13th June, 1836, relating to the commencement of actions, the confession of judgment by the defendant in foreign attachment, and before the third term, is good, and will not be treated as a nullity in a subsequent proceeding against the garnishee.

Where such confession of judgment by the defendant in the attachment is before the third term after the execution of the writ, the plaintiff is not compelled to wait until the third term in order to proceed by *scire facias* against the garnishee; he may proceed forthwith.

THIS was a writ of *scire facias* against the defendant as garnishee of William M. English. On the 17th of December, 1836, a writ of *foreign attachment* was issued by the plaintiff in which William M. English was named defendant. To this the sheriff returned " attached and summoned *Archimides J. Buckner, as garnishee.*" March 16, 1837, by agreement filed, the defendant *in the attachment* confessed judgment for the plaintiff in the sum of 486 dollars 50 cents. Shortly afterwards, the plaintiff issued a *scire facias* against the *garnishee* returnable to June term, 1837. The present rule to show cause was obtained on behalf of the garnishee to quash the writ of *scire facias.*

The opinion of the court was delivered by

STROUD, J.—In support of this application it is argued—1st, that the confession of judgment is an unauthorized procedure; 2d, that if this were rightly taken, yet the *scire facias* has been

[Welsh v. Buckner.]

issued *prematurely.*   The propriety of the confession of judgment depends upon the 64th section of the act of 13th June, 1836, relating to the commencement of actions.   It is this: "It shall be lawful for any defendant in an attachment, instead of giving bail or security, at his election *at any time* before judgment obtained in the attachment, to cause an appearance to be entered for him and to take defence to the action, in which case, the action shall proceed as if commenced by a *summons,* but the attachment shall nevertheless continue to bind the estate or effects attached, as in other cases, unless judgment be rendered for the defendant in such attachment, and if judgment be rendered for the plaintiff, such judgment shall have the like force and effect as in case of an action commenced by a summons; *Provided,* that the plaintiff may proceed by *scire facias against the garnishee,* and execution against the estate and effects attached as in other cases of attachment, except that a recognizance to restore as aforesaid, shall not be necessary."

The design of this section is obviously to remedy an inconvenience on the part of defendants, in attachments, who, not being residents, might not be able to procure bail in order to dissolve the attachment.   Under such circumstances, in the absence of this provision, however unjust the plaintiff's demand, the defendant's condition would be remediless.

If a formal appearance to the action had been entered by the defendant, and a judgment subsequently, however soon, obtained in due course of law, according to the practice in actions against residents, either for want of a plea or upon a verdict of a jury, the proceeding would fall so plainly within the meaning of the section, that no objection could be plausibly urged against it. Now the confession of a judgment must be taken to include within it the entry of an appearance by the defendant, or what is equally available, the acceptance by the plaintiff, of such a confession, is to be regarded as a waiver of this requirement.   And although the purpose of the law is to enable the defendant to litigate with the plaintiff, yet it cannot, we think, be doubted, that where the claim is known to be well founded, the defendant may save himself the expense of a fruitless contest by confessing judgment *in limine.*   The defendant may be permitted to determine the course most beneficial for himself, and it is not competent

[Welsh *v.* Buckner.]

certainly, to the *garnishee*—who is a *mere stake-holder*, to question the propriety of his election.

Nor do we perceive upon what ground the *scire facias* can be said to have been issued *prematurely*. It is true the 53d section authorises judgment where the attachment has not been dissolved, to be taken by the plaintiff at the *third term* of the court after the execution of the writ of attachment; and the *proviso* to the 64th section, under which the judgment has been obtained, directs, "that the plaintiff may proceed by *scire facias* against the garnishee, and execution against the estate and effects attached, *as in other cases of attachment*, except that a recognizance to restore shall not be necessary."

The delay of judgment till the *third* term is for the benefit of the *non-resident* defendant, and is quite brief enough, when viewed in this light. But when *he* acknowledges on record the justice of the plaintiff's demand, and declares his unwillingness to procrastinate the fruition of his suit, can it be that the *garnishee*— whom the law looks upon as wholly indifferent to the event, except so far as concerns his obligation to protect the defendant's interest,—shall interpose the objection, that the progress of the plaintiff should have been less rapid? Such cannot be the intended effect of the expression "*as in other cases of attachments*," in the proviso, since this would be to array the garnishee in opposition to the defendant, *where, as here*, the defendant *confesses judgment*; or to grant an indulgence to the garnishee without reason, where the judgment is the result of a trial after the defendant's appearance to contest the plaintiff's claim. The garnishee, if he has been improperly made so, has ample space allowed, in the regular course of the proceedings on the *scire facias*, to guard his own, or the interest of a third person, to whom the effects may truly belong. To apply the expression referred to, to the judgment to be taken at the *third* term of the court, would, in its operation, render *two* judgments against the defendant, in the attachment, necessary,—for the judgment under the 53d section, is not like that authorised by the 64th section, a judgment upon which an execution may issue against the person and estate of the defendant generally, but only against the property attached. Fitch *v.* Ross, 4 S. & R. 563–4. But such a construction has not been contended for, nor could it be with the least show of probability. One judgment only is requisite—that under the 64th section,

[Welsh v. Buckner.]

and therefore the *scire facias* against the garnishee must be founded upon and recite this, and whether it be obtained *sooner* or *later* than the *third* term of the court, is a matter wholly unimportant and unavailing to the garnishee.

PETTIT, *President*, was absent from indisposition.

Rule discharged.

